# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL NO. 5:09CV38–RLV-DSC

| | |
|---|---|
| **THERESA DIANNE SMITH,**<br>    Plaintiff,<br><br>vs.<br><br>**MICHAEL J. ASTRUE,**<br>**Commissioner of Social**<br>**Security Administration,**<br>    Defendant. | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER** is before the Court on the "Defendant's Motion to Dismiss ..." (document #6) and "Brief in Support ..." (document #7), both filed August 6, 2009. The pro se Plaintiff has not filed a brief opposing or otherwise responded to Defendant's Motion and the time for filing a response has expired.

This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and this motion is now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that "Defendant's Motion to Dismiss" (document #6) be granted.

## I. FACTUAL AND PROCEDURAL HISTORY

On May 28, 2004, Plaintiff filed an application for Supplemental Security Income ("SSI"), based on an alleged disability onset date of August 15, 1991. The Plaintiff's application was denied initially, and on July 13, 2005 was denied at the reconsideration level of the administrative process.

Plaintiff filed a timely request for hearing. On September 3, 2008, however, the

Administrative Law Judge ("ALJ") issued a Notice of Dismissal due to Plaintiff's failure to appear at the hearing and her failure to establish good cause for not appearing.

On February 10, 2009, the Appeals Council issued a notice denying Plaintiff's Request for Review of the ALJ's Notice of Dismissal.

On April 10, 2009, Plaintiff filed this civil action purporting to appeal the Defendant's decision to deny her application for benefits. Plaintiff contends that she failed to attend the hearing because the ALJ changed the hearing location from Statesville to Greensboro and that she did not have transportation to Greensboro.

On August 6, 2009, Defendant filed his Motion to Dismiss, along with the "Declaration of Paul Halse," the Defendant's Acting Chief of Court Case Preparation and Review Branch 2, who avers that the portions of administrative record attached to Defendant's brief are authentic. See "Declaration of Paul Halse" at 2-3, Exhibit to Defendant's "Brief in Support ..." (document #7).

The other exhibits submitted along with Mr. Halse's Declaration show that "numerous" attempts were made to schedule the hearing and that Plaintiff "failed to appear at the hearing at each instance." "Notice of Dismissal" at 3, Exhibit to Defendant's "Brief in Support ..." (document #7). Plaintiff had been served with a "Notice to Show Cause for Failure to Appear" before the final hearing date. Id. On the most recent occasion that Plaintiff failed to appear, her attorney representative, Beth R. Setzer, informed the ALJ that she had "ha[d] been unable to make contact with [Plaintiff]," despite having written her several letters. Id.; and "Notice of Appeals Council Action" at 1, Exhibit to Defendant's "Brief in Support ..." (document #7). Finally, the record shows that Ms. Setzer agreed for the hearing to be held in Greensboro. She also informed the ALJ that she would have been willing to provide Plaintiff transportation to the hearing if she had been able to

communicate with her. Id.

Defendant's Motion has been briefed as set forth above and is now ripe for the Court's consideration.

## II. DISCUSSION

The exclusive jurisdictional basis for judicial review of final decisions on claims arising under Title II of the Social Security Act is provided for and limited by 42 U.S.C. § 405(g), which provides that:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty-days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow....

42 U.S.C. § 405(g). The Supreme Court has recognized that "[t]his provision clearly limits judicial review to a particular type of agency action." Califano v. Sanders, 430 U.S. 99, 108 (1977). Although the term "final decision" remains undefined in the Act, "its meaning is left to the [Commissioner] to flesh out by regulation." Weinberger v. Salfi, 422 U.S. 749, 767 (1975).

The Commissioner has adopted regulations that require a claimant to complete a four-step administrative review process in order to obtain a final decision subject to judicial review. 20 C.F.R. §§ 404.900(a). See also Sanders, 430 U.S. at 102 ("[t]he Act and regulations thus create an orderly administrative mechanism, with district court review of the final decision of the [Commissioner]"). If the claimant does not pursue administrative appeal rights, the administrative determination or decision becomes binding. See 20 C.F.R. §§ 404.905, 404.921, 404.955, and 404.981.

Under the Commissioner's regulations, an individual claiming entitlement to benefits first receives an initial determination. 20 C.F.R. § 404.902. If dissatisfied with this determination, the claimant may request reconsideration. 20 C.F.R. § 404.907. If the claimant is dissatisfied with the reconsidered determination, he or she may request a hearing before an ALJ. 20 C.F.R. § 404.929. If the ALJ's decision is adverse to the claimant, he or she may request a review of the decision by the Appeals Council. 20 C.F.R. § 404.967. The Appeals Council may deny the request for review and allow the ALJ's decision to stand as the final decision of the Commissioner, or it may grant the request for review and issue its own decision. 20 C.F.R. § 404.981. In either event, the claimant may then seek judicial review of the Commissioner's final decision by filing an action in federal district court within sixty days after receiving notice of the Appeals Council's action. Id. See also 20 C.F.R. § 422.210.

In short, prior to seeking judicial review of the Commissioner's decision to deny her application of Social Security benefits, a claimant must fully exhaust her administrative remedies, resulting in the issuance of a final decision, when the Appeals Council either issues a decision or denies the claimant's request for review. See 20 C.F.R. §§ 404.922 and 422.210

Accordingly, because Plaintiff failed to appear at the hearing, which was generously rescheduled by Defendant more than once, she has failed to pursue her administrative remedies beyond the reconsideration stage, much less receive a final decision from the Commissioner, and the Defendant's Motion to Dismiss must be granted.

## III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the

"Defendant's Motion to Dismiss" (document #6) be **GRANTED** and the Complaint **DISMISSED WITH PREJUDICE**.

## VI. <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989); <u>United States v. Rice</u>, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to <u>de novo</u> review by the district court. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder</u>, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Diamond</u>, 416 F.3d at 316; <u>Wells</u>, 109 F.3d at 201; <u>Page</u>, 337 F.3d at 416 n.3; <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the Defendant; to the <u>pro se</u> Plaintiff (Theresa Dianne Smith, P.O. Box 1481, Statesville, North Carolina 28687); <u>and to the Honorable Richard L. Voorhees.</u>

**SO RECOMMENDED AND ORDERED.**

Signed: August 25, 2009

David S. Cayer
United States Magistrate Judge